CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

APR 10 2018

JULIA C. DUDLEY, CLERK
BY: HMcDonald
        DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JERRY DEAN WILLARD, ) | Civil Action No. 7:18-cv-00152 | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | **MEMORANDUM OPINION** | |
| ) | | |
| PATRICK COUNTY JAIL, et al., ) | By: Hon. Jackson L. Kiser | |
| Defendants. ) | Senior United States District Judge | |

Jerry Dean Willard, a Virginia inmate proceeding pro se, filed a complaint pursuant to 42 U.S.C. § 1983 naming three defendants: the Patrick County Jail ("Jail"), Dan Smith, and "Medical Dept." Plaintiff generally alleges that his medical needs are not being met at the Jail, and he filed a motion for a temporary restraining order before service. This matter is before me for screening, pursuant to 28 U.S.C. § 1915A.[1]

Section 1983 requires a showing of personal fault on the part of a defendant either based on the defendant's personal conduct or another's conduct in execution of the defendant's policies or customs. Fisher v. Washington Metro. Area Transit Author., 690 F.2d 1133, 1142-43 (4th

---

[1] I must dismiss any action or claim filed by an inmate if I determine that the action or claim is frivolous or fails to state a claim on which relief may be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims based upon "an indisputably meritless legal theory," "claims of infringement of a legal interest which clearly does not exist," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), accepting a plaintiff's factual allegations as true. A complaint needs "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level. . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). A plaintiff's basis for relief "requires more than labels and conclusions . . . ." Id. Therefore, a plaintiff must "allege facts sufficient to state all the elements of [the] claim." Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003).
   Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009). Thus, a court screening a complaint under Rule 12(b)(6) can identify pleadings that are not entitled to an assumption of truth because they consist of no more than labels and conclusions. Id. Although I liberally construe a pro se complaint, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), I do not act as an inmate's advocate, sua sponte developing statutory and constitutional claims not clearly raised in a complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985); see also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that a district court is not expected to assume the role of advocate for a pro se plaintiff).

Cir. 1982), abrogated on other grounds by Cnty. of Riverside v. McLaughlin, 500 U.S. 44 (1991). However, Plaintiff does not describe any personal act or omission by defendant Smith, and consequently, the complaint fails to state a claim upon which relief may be granted against Smith. Furthermore, neither the Jail nor the "Medical Dept." is a "person" for purposes of § 1983. See, e.g., Will v. Michigan Dep't of State Police, 491 U.S. 58, 70 (1989); West v. Atkins, 487 U.S. 42, 48 (1988); Preval v. Reno, 57 F. Supp. 2d 307, 310 (E.D. Va. 1999) ("[T]he Piedmont Regional Jail is not a "person," and therefore not amenable to suit under 42 U.S.C. § 1983."), aff'd in part and rev'd in part, 203 F.3d 821 (4th Cir. 2000), reported in full-text format at 2000 U.S. App. LEXIS 465, at *3, 2000 WL 20591, at *1 ("The court also properly determined that the Piedmont Regional Jail is not a 'person' and is therefore not amenable to suit under § 1983[.]"); Ferguson v. Morgan, No. 1:90cv06318, 1991 U.S. Dist. LEXIS 8295, 1991 WL 115759, at *1 (S.D.N.Y. June 20, 1991) (concluding that a group of personnel, like "medical staff," is not a "person" for purposes of § 1983). Accordingly, I dismiss the complaint without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1), for failing to state a claim upon which relief may be granted.[2]

To the extent Plaintiff may be able to name a "person" subject to suit via § 1983 and state a claim, Plaintiff is granted ten days to file a motion to amend the complaint that states a claim upon which relief may be granted against a person acting under color of state law. See, e.g., Gordon, 574 F.2d at 1152.

---

[2] Consequently, Plaintiff cannot establish that he is likely to succeed on the merits of the dismissed complaint. Similarly, he fails to show he is likely to suffer irreparable harm in the absence of preliminary relief, the balance of equities tips in his favor, and an injunction is in the public interest in light of the failure to state an actionable claim against an appropriate defendant. See, e.g., Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008) (discussing all elements). Plaintiff also did not certify in writing any effort made to give notice of the motion and the reasons why notice should not be required. Fed. R. Civ. P. 65(b). Accordingly, Plaintiff's motion for a temporary restraining order is denied.

Plaintiff may find it preferable to take longer than ten days to consult legal resources, think about his allegations, and file a new complaint in a new and separate action. If Plaintiff chooses not to file the motion within ten days, Plaintiff would not be prejudiced because he is allowed to file a complaint in a new and separate action at the time of his choice subject to the applicable limitations period. See, e.g., Owens v. Okure, 488 U.S. 235, 249-50 (1989); Va. Code § 8.01-243(A).

If Plaintiff instead rushes and chooses to seek an amendment in this case, he should know that the court may dismiss the amended complaint with prejudice as frivolous or for failing to state a claim upon which relief may be granted and assess a "strike."[3] Plaintiff should understand that he is allowed only three "strikes" from both complaints in district courts and appeals in courts of appeals before he is no longer allowed to proceed in forma pauperis without prepaying the $400 filing fee absent certain conditions. Congress created this "three-strikes" rule as an economic incentive for prisoners to "stop and think" before filing a complaint. See, e.g., Rogers v. Bluhm, No. 1:07cv1177, 2007 U.S. Dist. LEXIS 91646, 2007 WL 440187, at *1 (W.D. Mich. Dec. 13, 2007).

**ENTER:** This 10th day of April, 2018.

Senior United States District Judge

---

[3] Plaintiff should also comply with the conditional filing order directing him to pay the filing fee or document a request to proceed in forma pauperis.